UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE ENVIRONMENTAL ) <br> COUNCIL and REDISCOVER EAST, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PSC METALS, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 3:13-cv-00301 <br><br> Judge Campbell <br> Magistrate Judge Bryant |

## AMENDED COMPLAINT

Plaintiffs Tennessee Environmental Council, Inc., and Rediscover East!, by and through counsel, allege as follows:

### NATURE OF THE CASE

1. This is a citizen's suit, brought pursuant to the provisions of Section 505(a)(1) of the federal Clean Water Act (hereinafter "CWA"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the CWA by Defendant PSC Metals, Inc. ("PSC"), arising out of illegal discharges of pollutants from PSC's scrap metal recycling facility located in Nashville, Davidson County, Tennessee ("PSC facility"). Specifically, PSC has discharged, and continues to discharge, stormwater contaminated with industrial waste and/or process water from its Nashville facility into the Cumberland River via storm drains without a permit authorizing such discharges in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a). Furthermore, these discharges violate the express terms and conditions of the National Pollutant Discharge Elimination System Permit ("NPDES") issued for PSC's facility pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. Plaintiffs seek a declaratory judgment, injunctive relief, the imposition

of civil penalties, and the award of costs, including attorney and expert witness fees, for Defendant PSC's repeated and ongoing violations of the CWA, and further seek to compel compliance with PSC's NPDES Permit and the CWA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331.

3. Plaintiffs have complied with the pre-suit notice provisions of the CWA. Pursuant to Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Plaintiffs, on January 31, 2013, mailed a notice of intent to file suit under the CWA to address the violations at the PSC facility to Defendant PSC, the Administrator of the U.S. Environmental Protection Agency ("EPA"), the Regional Administrator of the EPA, the Director of the Tennessee Department of Environment and Conservation ("TDEC"), and the United States Attorney General ("January Notice") (Attached hereto as Exhibit "A" and incorporated by reference herein). The January Notice complied with 33 U.S.C. § 1365(b)(1)(A) and with 40 C.F.R. Part 135, Subpart A. More than 60 days have passed since the January Notice was served on Defendant PSC and these agencies. On February 28, 2013, Plaintiffs served an Addendum to the January Notice to the same entities, detailing additional violations of the CWA by Defendant PSC ("Addendum") (Attached hereto as Exhibit "C" and incorporated by reference herein). This Addendum complied with 33 U.S.C. § 1365(b)(1)(A) and with 40 C.F.R. Part 135, Subpart A. More than 60 days have passed since the Addendum was served on Defendant PSC and these agencies.

4. Neither EPA nor TDEC has commenced, nor are they diligently prosecuting, a civil or criminal action in a court of the United States to redress the violations of the CWA by PSC.

5. Neither EPA nor TDEC has commenced, nor are they diligently prosecuting, an administrative penalty action under Section 309(g) of the CWA, 33 U.S.C. § 1319(g), or under a comparable Tennessee law, to redress the violations of the CWA by PSC.

6. Plaintiffs will, pursuant to Section 505(c)(3) of the CWA, 33 U.S.C. § 1365(c)(3), upon receipt of a file stamped copy of this Amended Complaint, mail a copy of this Amended Complaint to the Administrator of the Environmental Protection Agency, the Attorney General of the United States, and the Regional Administrator of the EPA Region in which the violations are alleged to have occurred.

7. Venue is appropriate in the Middle District of Tennessee, pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this judicial district.

## PARTIES

8. Plaintiff Tennessee Environmental Council, Inc. (the "Council"), is a nonprofit corporation organized under the laws of Tennessee with its principal office in Nashville, Tennessee. The Council was organized in or about 1970 to, amongst other ends, provide an effective and continuing coordinating structure in working for the conservation, preservation, and/or wise use and appreciation of Tennessee's natural resources, as related to the total environment. The Council has members who live, work, and/or recreate downstream of the PSC facility and the facility's discharge, including members who have recreational and aesthetic interests in the Cumberland River downstream from the PSC facility and its discharge. Members of the Council have been, and will continue to be, directly and substantially injured in their use and enjoyment of their property and/or in their recreational and aesthetic enjoyment of the Cumberland River as a direct result of PSC's violations of the CWA. The relief sought in this

case would provide redress for these injuries. Additionally, because these injuries are being caused by pollution of waters of the United States, the injuries fall within the zone of interests protected by the CWA.

9. Plaintiff the Council is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

10. Plaintiff Rediscover East! ("RE") is a nonprofit corporation organized under the laws of Tennessee with its principal office in Nashville, Tennessee. RE was organized in or about 2000 for the purpose of preserving the authentic character of East Nashville and enhancing the quality of life for all of its citizens. RE has members who live, work, and/or recreate downstream of the PSC facility and the facility's discharge, including members who have recreational and aesthetic interests in the Cumberland River downstream from the PSC facility and its discharge. Members of RE have been, and will continue to be, directly and substantially injured in their use and enjoyment of their property and/or in their recreational and aesthetic enjoyment of the Cumberland River as a direct result of PSC's violations of the CWA. The relief sought in this case would provide redress for these injuries. Additionally, because these injuries are being caused by pollution of waters of the United States, the injuries fall within the zone of interests protected by the CWA.

11. Plaintiff RE is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

12. Defendant PSC Metals, Inc. is a for profit corporation organized under the laws of the State of Ohio with its principal office located at 5875 Landerbrook Drive, Suite 200, Mayfield Heights, Ohio, 44124-4069. PSC operates a scrap metal recycling facility located at 710 South First Street in Nashville, Tennessee ("PSC facility"). The registered agent for service

4

of process in Tennessee is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203-1312.

13. Defendant PSC is a "person" within the meaning of 33 U.S.C. §§ 1362(5) and 1365(a)(1).

## STATUTORY BACKGROUND

14. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the CWA. Among other things, Section 301(a) prohibits such discharges not authorized by, or in violation of the terms of, a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

15. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act, and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee. *See* Tenn. Code Ann. § 69-3-105(h)(1).

16. A violation of an NPDES permit issued by TDEC is a violation of the Tennessee Water Quality Control Act of 1977 ("TWQCA"), Tenn. Code Ann. §§ 69-3-101, *et seq.*, TDEC rules, including Chapter 1200-4-5, and the federal Clean Water Act.

17. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms and conditions of NPDES permits, as well as for discharges of pollutants from a facility into waters of the United States without a valid NPDES permit. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

18. At all times relevant hereto, Defendant PSC has operated a scrap metal recycling facility at 710 South First Street in Nashville, Tennessee. The PSC facility is approximately 52 acres in size, and is covered under the NPDES Tennessee Storm Water Multi-Sector General Permit for Industrial Activities ("TMSP"), Permit No. TNR050000, and is registered under tracking number TNR051488 ("NPDES Permit"), which authorizes PSC to discharge stormwater associated with industrial activity to the Cumberland River so long as such discharges are in compliance with the NPDES Permit.

19. As a scrap recycling facility, PSC has a Standard Industrial Classification ("SIC") Code of 5093 and thus is also subject to the requirements of Sectors N and P of the TMSP.

20. Part 3.1.1. of PSC's NPDES Permit provides that "[A]ll discharges covered by this Permit shall be composed entirely of stormwater, and Part 3.1.2. requires that "[D]ischarges of material other than stormwater must be in compliance with an NPDES Permit (other than this Permit) issued for the discharge."

21. Part 4.5.1. of PSC's NPDES Permit requires that PSC must "comply with applicable requirements in municipal storm water management programs developed under NPDES permits issued for the discharge of the municipal separate sewer storm sewer system (MS4) that receives the facility's discharge .…" The Metropolitan Government of Nashville & Davidson County ("Nashville") has developed a municipal storm water management program which applies to the PSC facility.

22. Part 7.1 of the NPDES Permit requires PSC to comply with all conditions of the Permit, and provides that "[A]ny permit noncompliance constitutes a violation of the Clean Water Act and/or the Tennessee Water Quality Control Act," and Part 7.1.2 requires that PSC

6

"conduct its storm water treatment and/or discharge activities in a manner such that public or private nuisances or health hazards will not be created."

23. Operations and processes at the PSC facility related to scrap metal recycling result in the generation of process water and/or industrial waste which includes, amongst other constituents, copper, lead, iron, aluminum, zinc, cadmium, and oil and grease. These constituents, and such process water and/or industrial waste, are pollutants within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

24. The Cumberland River is waters of the State of Tennessee, and "waters of the United States," as that term is used in the CWA and as it has been interpreted by the federal courts.

25. Nashville has adopted a Stormwater Management Ordinance which governs PSC's discharges into the Nashville municipal separate storm sewer system ("MS4"). Nashville, TN., Metro Code of Laws, Title 15, Chapter 15.64.

26. In or about late 2010, Nashville, pursuant to its MS4 Permit, designated Defendant PSC as a "substantial loader" due to the fact that PSC was found to be discharging significant amounts of stormwater pollution to the Nashville MS4.

27. On September 2, 2010, and October 27, 2011, PSC was issued Notices of Violation ("NOVs") by Nashville Metro Water Services for discharging stormwater contaminated with process water and/or industrial waste to the Nashville MS4 and the Cumberland River. *See* Exhibit "B" attached hereto and incorporated by reference herein.

28. An EPA investigation into illegal stormwater discharges by Defendant PSC in or about late 2011 concluded, in pertinent part:

> PSC Metals … [has] a consistent history of polluting the Cumberland River via illicit discharges of process water mixing with stormwater. [PSC] has conveyed

7

on one hand a willingness to implement corrective actions to prevent the pollutants from entering the river but on the other hand disregarded their own BMP's and illegally discharged pollutants into the Cumberland River. After consultation …it is the opinion of EPA CID that PSC Metals represents a clear and present health and safety risk to the environment…. It is therefore recommended that prosecution for violations of the Clean Water Act commence against PSC Metals, Inc….

29. As set forth in the January Notice attached hereto as Exhibit "A" and incorporated by reference herein, as well as the Addendum attached hereto as Exhibit "C" and incorporated by reference herein, PSC has discharged stormwater contaminated with process water and/or industrial waste from conduits, ditches, and other discrete conveyances at its Nashville facility through storm drains into the Cumberland River, without an NPDES Permit authorizing said discharges, and in violation of PSC's NPDES Permit, on at least the following occasions:

   a. September 2, 2010;
   b. November 30, 2010;
   c. October 27, 2011;
   d. September 17, 2012; and
   e. February 19, 2013.

30. The violations set forth in the January Notice attached hereto as Exhibit "A," and the Addendum attached hereto as Exhibit "C," and incorporated by reference herein, relating to illegal discharges of pollutants by PSC are continuing and ongoing, or are likely to recur, as of the date this Complaint is being filed.

**COUNT 1: DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT**

31. Paragraphs 1-30 of this Complaint are hereby realleged and incorporated by reference herein.

8

Case 3:13-cv-00301   Document 14   Filed 04/30/13   Page 8 of 13 PageID #: 53

32. Defendant PSC's discharges of stormwater contaminated with industrial waste and/or process water from conduits, ditches, and other discrete conveyances at its Nashville facility through storm drains into the Cumberland River constitute the discharge of pollutants from a point source requiring an NPDES permit authorizing such discharges.

33. On at least the occasions listed in Paragraph 29, the January Notice, and the Addendum, Defendant PSC has violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging stormwater contaminated with industrial waste and/or process water into the Cumberland River without an NPDES permit authorizing said discharges.

34. Defendant PSC should be subject to an enforcement order or injunction ordering PSC to cease its discharges of pollutants without an NPDES permit authorizing said discharges.

35. Defendant PSC should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Sections 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365.

36. For the purpose of assessing the maximum penalty which Defendant PSC is liable, each day that PSC has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day on which it has occurred or will occur after the filing of this Complaint.

**COUNT 2: VIOLATION OF THE TERMS AND CONDITIONS OF NPDES PERMIT NO. TNR050000 AND TNR 051488 IN VIOLATION OF THE CLEAN WATER ACT**

37. Paragraphs 1-36 of this Complaint are hereby realleged and incorporated by reference herein.

38. On at least the occasions listed in Paragraph 29, the January Notice, and the Addendum, Defendant PSC has violated Sections 301(a) and 402 of the CWA, 33 U.S.C. §§

9

1311(a) and 1342, as well as Tennessee statutes and rules implementing the CWA, by discharging process waste and/or industrial waste in violation of Parts 3.1.1. and 3.1.2. of the NPDES Permit.

39. On at least the occasions listed in Paragraph 29, the January Notice, and the Addendum, Defendant PSC has violated Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, as well as Tennessee statutes and rules implementing the CWA, by failing to comply with the requirements of Nashville's Stormwater Management Ordinance in violation of Part 4.5.1 of the NPDES Permit.

40. Defendant PSC should be subject to an enforcement order or injunction ordering PSC to cease its violations of NPDES Permit No. TNR050000 and TNR051488.

41. Defendant PSC should be subject to the assessment of civil penalties for these permit violations pursuant to Sections 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365.

42. For the purpose of assessing the maximum penalty which Defendant PSC is liable, each day that PSC has violated the terms and conditions of its NPDES Permit constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day on which it has occurred or will occur after the filing of this Complaint.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

a. Enter a declaratory judgment that Defendant PSC has violated and is in violation of the CWA, 33 U.S.C. §§ 1311(a) and 1342;

b. Order or Enjoin Defendant PSC to cease the discharge of pollutants from point sources into water of the United States without an NPDES Permit authorizing such discharges;

c. Order Defendant PSC to comply with all terms and conditions of coverage under its NPDES Permit;

d. Order Defendant PSC to take such steps as are necessary and proper to remedy the harm caused by its violations of the CWA;

e. Order Defendant PSC to pay civil penalties of up to thirty-seven thousand five hundred dollars ($37,500) per day for each violation of the CWA set out in this Complaint pursuant to Sections 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365;

f. Award Plaintiffs their costs of litigation, including reasonable attorney and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d); and

g. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 30th day of April, 2013.

    /s/James S. Whitlock_____
Gary A. Davis (BPR No. 009766)
James S. Whitlock (N.C. Bar No. 34304)
*Admitted Pro Hac Vice*
DAVIS & WHITLOCK, P.C.
P.O. Box 649
61 North Andrews Avenue
Hot Springs, NC 28743
(828) 622-0044
(828) 622-7610
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

Michael F. Jameson (BPR #14366)
NORTH, PURSELL, RAMOS & JAMESON, PLC
414 Union Street
Bank of America Plaza, Suite 1850
Nashville, TN 37219
(615) 255-2555
MJameson@nprjlaw.com

Kelly Poole (BPR No. 31390)
*Admission Requested per LR 83.01*
TENNESSEE ENVIRONMENTAL COUNCIL
One Vantage Way, Suite E-250
Nashville, TN 37228
(615) 248-6500
kfpoole@tectn.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2013, a copy of the foregoing **AMENDED COMPLAINT** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/James S. Whitlock
Attorney

Michael K. Stagg
Lauran M. Sturm
WALLER, LANSDEN, DORCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380

*Attorneys for Defendant PSC Metals, Inc.*